IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CLEVELAND HANKERSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 5:13-cv-78 (MTT) (CHW) |
| | : | |
| UNITED STATES DEPARTMENT OF PAROLE AND PROBATION, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

In this case, Petitioner asks to Court to issue of writ of mandamus compelling "the United States Department of Parole and Probation to comply with the Privacy Act." (Doc. 1). Specifically, Petitioner asks the Court to "compel The Office of Probation to correct false information in [his] Pre-Sentence Report." (Doc. 1, p. 2). Respondent has filed a Motion to Dismiss the petition. (Doc. 15).

Although couched as a petition for mandamus, the present action is in essence an attempt to challenge the validity of a criminal sentence by showing that two "prior felonies" considered in the calculation of Petitioner's sentence were not, in fact, felonies. Petitioner is currently serving a sentence of life without parole plus five years as a result of his 1992 conviction for narcotics and firearms charges in this Court. See *United States v. Hankerson*, Case No. 5:91-cr-10 (M.D.Ga.). Petitioner was sentenced as a career offender under the provisions of the United States Sentencing Guidelines, USSG §4B1.1, based on the two prior felony convictions that are the subject of the present petition.

Petitioner is not entitled to a writ of mandamus in the present circumstances. Mandamus petitioners must demonstrate that (1) they have a clear right to relief, (2) the respondents have a clear duty to act, and that (3) no other adequate remedy is available. *See, e.g., Stevens v. Colt*, No. 10-14387, 2011 WL 1500599 (11th Cir. April 20, 2011) (citing *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980)). Petitioner can satisfy none of these conditions.

Petitioner has no right to relief under the Freedom of Information Act or Privacy Act, and the Respondent has no clear duty to act. The presentence investigation report that Petitioner seeks to amend is a court document that the United States Probation Office prepared as an arm of the federal courts. The finding that Petitioner was a career offender was adopted as part of the Court's judgment in a criminal case. The Freedom of Information Act and the Privacy Act do not apply to federal courts. 5 U.S.C. § 551(1)(B). Moreover, nothing in the Freedom of Information Act or the Privacy Act authorizes the amendment or alteration of court documents and judgments.

Petitioner also cannot show that no other adequate remedy is available. A criminal defendant may challenge his sentence through a direct appeal or through a collateral motion to "vacate, set aside or correct" under 28 U.S.C. § 2255. These procedures provide defendants with an adequate remedy for addressing inaccuracies in a presentence report or errors in a court's sentence. Petitioner previously filed an unsuccessful § 2255 motion in this Court in *Hankerson v. USA*, No. 5:06-cv-106 (WDO), and the instant petition appears to be an attempt to avoid the limitations on "second or successive" habeas applications. 28 U.S.C. § 2244.

## **CONCLUSION**

For the aforementioned reasons, it is **RECOMMENDED** that the Government's Motion to Dismiss be **GRANTED**. (Doc. 15). Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve

and file written objections to this **RECOMMENDATION** with the District Judge to whom the case is assigned **WITIHIN (14) DAYS** after being served with a copy thereof.

    **SO RECOMMENDED**, this 17th day of January, 2014.

                                                       s/ Charles H. Weigle
                                                       Charles H. Weigle
                                                       United States Magistrate Judge